IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DAVENPORT LIMITED PARTNERSHIP,** | ) | **CASE NO. 8:11CV210** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **HENRY A. SINGER,** | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the Court on Plaintiff Davenport Limited Partnership's Motion for Leave to File an Amended Complaint (Filing No. 18). This Court previously dismissed (without prejudice) Plaintiff's first Complaint (Filing No. 1) on res judicata grounds. (Filing Nos. 16 and 17.) The Court has construed Plaintiff's pending motion as a request that the Court first vacate its prior judgment under Fed. R. Civ. P. 60(b)(1), and then grant Plaintiff leave to file an amended complaint. (Filing No. 19, Order of Sept. 27, 2011.) The Court has considered the parties' briefs (Filing Nos. 20 and 21) and Plaintiff's proposed Amended Complaint (Filing No. 18-1). For the reasons explained below, relief under Rule 60 will be granted, and Plaintiff may file an amended complaint.

**FACTUAL BACKGROUND**

    The Court incorporates herein the Factual Background section from its prior Memorandum and Order (Filing No. 16, at 1–3). Plaintiff's proposed amended complaint (Filing No. 18-1) contains three relevant additions to its original Complaint (Filing No. 1). First, it states that the only money Plaintiff has collected on its judgments against the Dodge I and Dodge II limited partnerships ("the Dodge entities") is $3,168.50, pursuant to garnishment. (Filing No. 18-1, at ¶ 15.) Second, after the Ground Lease expired, Dodge II continued to send rent payments to Dodge I under the Space Lease; and Dodge I continued to send rent payments to Plaintiff under the expired Ground Lease. (*Id.* at ¶ 16.)

Dodge I sent ten checks totaling $291,500 to Plaintiff under the expired Ground Lease, which Plaintiff refused to cash, in order to avoid any potential claim that this would renew the Ground Lease. (*Id.*)  Instead, Plaintiff received leave to deposit checks with the court in the Conversion Order case. (*Id.*)  Upon deposit, all ten checks from Dodge I were returned for insufficient funds. (*Id.*)  Third, Plaintiff alleges, upon information and belief, that Defendant Singer has withdrawn assets from the Dodge entities, leaving them incapable of satisfying the obligations they owe Plaintiff. (*Id.* at 23.)

## DISCUSSION

Federal Rule of Civil Procedure 60(b) motions serve to relieve parties from final judgments, orders, or proceedings on several enumerated grounds, including "mistake, inadvertence, surprise, or excusable neglect."[1]  Post-judgment motions for leave to amend may be granted if timely made. *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009).

The Court will consider Plaintiff's request for leave to amend first, because there is no reason to grant Plaintiff relief under Rule 60(b) if Plaintiff's proposed complaint is not viable under Rule 12(b)(6).  Plaintiff argues that it has asserted new facts which constitute an "intervening change in facts or circumstances," rendering claim preclusion inapplicable. *Ichtertz v. Orthopaedic Specialists of Neb., P.C.*, 730 N.W.2d 798, 804 (Neb. 2007) (quoting *Moulton v. Bd. of Zoning Appeals.*, 555 N.W.2d 39, 45 (Neb. 1996)).  Plaintiff's

---

[1] Rule 60(b)(1).  Rule 60(b)(6) also provides that relief may be granted for "any other reason that justifies relief."  This "catch-all" provision applies "where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). .

proposed amended complaint alleges that: (1) Plaintiff has collected only a portion of its judgments against the Dodge entities; (2) checks received from Dodge I were returned for insufficient funds; and (3) upon Plaintiff's information and belief, Defendant has withdrawn assets from the Dodge entities, leaving them incapable of satisfying the obligations they owe Plaintiff.  (Filing No. 18-1, at ¶¶ 15–16, 23.)  Although Plaintiff does not state specifically *when* these events occurred, it states that the checks from Dodge I were deposited with the court in the Conversion Order case.  (*Id.* at 16.)  Defendant states that this occurred after the complaint was filed in that case, but before judgment.  (Filing No. 20, Defendant's Response, at 4.)

At the very least, it is clear that the checks were returned for insufficient funds *after* the complaint was filed in the Conversion Order case, and that is all that matters for purposes of claim preclusion.  In its previous Memorandum and Order, this Court stated that "*Ichtertz* held that claim preclusion was inapplicable where a change occurred *after* entry of judgment in the first case."  (Filing No. 16, at 17.)  Defendant seizes upon this language to argue that if the checks were returned prior to the entry of judgment in the Conversion Order case, the *Ichtertz* exception does not apply.  (Filing No. 20, Defendant's Response, at 6–8.)  Previously, the Court did not need to examine the issues raised by *Ichtertz* in any detail, because it was readily apparent that Plaintiff had not alleged an adequate "change in circumstances."  The Court must now examine *Ichtertz* and the accompanying law more closely.

The *Ichtertz* court addressed changes occurring after the entry of judgment because those were the facts before it.  *Ichtertz*, 730 N.W.2d at 801, 804–05.  However, "[i]t is well

3

settled that claim preclusion does not apply to claims that did not arise until *after* the first suit was filed." *Baker Group, L.C. v. Burlington N. & Santa Fe Ry. Co.*, 228 F.3d 883, 886 (8th Cir. 2000) (applying Kansas law) (emphasis in original, underlining added); *see also Florida Power & Light Co. v. United States*, 198 F.3d 1358, 1360–61 (Fed. Cir. 1999) (collecting cases). The filing of the complaint, rather than the entry of judgment, "frames the scope of litigation, establishing a transactional nexus into which facts and claims are fitted or excluded for purposes of claim preclusion. 'New' claims, arising after the complaint has been filed, but before judgment," need not be litigated in the first action. *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150 (10th Cir. 2006). This follows from the rule that "[a]lthough a plaintiff may seek leave to file a supplemental pleading to assert a new claim based on actionable conduct which the defendant engaged in after a lawsuit is commenced, *see* Fed. R. Civ. P. 15(c), he is not required to do so." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 370 (2d Cir. 1997). The Court concludes that the Nebraska Supreme Court likely would follow this approach. In *Ichtertz,* the Nebraska Supreme Court quoted with approval a case stating that claim preclusion generally does not apply to transactions "'occurring after the commencement of the prior litigation.'" *Ichtertz*, 730 N.W.2d at 804 (quoting *Maharaj v. Bankamerica Corp.,* 128 F.3d 94, 97 (2d Cir.1997)).

In its prior order, this Court dismissed the case without prejudice, in the event a change in circumstances were to occur, "such as Defendant withdrawing assets from the Dodge entities, leaving them incapable of satisfying their obligations." (Filing No. 16, at 18) Plaintiff now alleges that, after the filing of the complaint in the Conversion Order case,

checks from Dodge I were returned for insufficient funds and the Defendant withdrew assets from the Dodge entities. Liberally construed, the proposed amended complaint alleges that Defendant has committed acts of conversion, occurring after the filing of the complaint in the Conversion Order case.

Plaintiff's post-judgment motion for leave to amend was timely made. The Court finds that Plaintiff's initial failure to present its claim in a manner that would survive Defendant's motion to dismiss based on res judicata, and Plaintiff's failure to move for leave to amend prior to the Court's ruling on that motion to dismiss, were, at worst, excusable neglect. The Plaintiff should receive a full and fair opportunity to litigate its claim and seek adequate redress, and the Court sees no reason to require the Plaintiff to do so in a newly filed action.

Accordingly,

IT IS ORDERED:

1. Plaintiff Davenport Limited Partnership's Motion for Leave to Amend (Filing No. 18), also construed by the Court as a Motion to Vacate under Rule 60, is granted;

2. The Judgment (Filing No. 17) is vacated;

3. Plaintiff may file its Amended Complaint as a separate docket entry; and

4. Defendant will respond to the Amended Complaint within fourteen calendar days of its filing. .

DATED this 9th day of November, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge